IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DWIGHT A. JOHNSON,

    Petitioner,                                 CASE NO.2:09-cv-369
                                             JUDGE WATSON
v.                                                MAGISTRATE JUDGE KEMP

TIM BRUNSMAN, WARDEN,
LEBANON CORRECTIONAL
INSTITUTION,

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion by way of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## I. FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Defendant-appellant, Dwight A. Johnson, was tried and convicted by a jury on one count of aggravated murder with a gun specification and one count of aggravated robbery with a gun specification. The case involved the December 20, 1997 shooting death of Henry Howell. Howell was shot in broad daylight by the parking lot dumpsters of the Kenmore Square apartment complex in Columbus.
>
> At the conclusion of a mitigation hearing, the jury recommended life imprisonment with a possibility of parole after thirty years on the aggravated murder conviction. The judge followed the jury's sentencing recommendation and also

> sentenced Johnson to an additional ten years for the aggravated robbery and an additional three years for the merged gun specifications. The judge ordered that the sentences be served consecutively, for a total minimum sentence of forty-three years..

*See State v. Johnson,* 2001 WL 69330 (Franklin Co. App. January 30, 2001).

Petitioner raised seven assignments of error on appeal. They involved the overruling of a motion to suppress a photo identification, the alleged erroneous admission of certain exhibits and testimony, restricting defense counsel from viewing a witness' video statement, prosecutorial misconduct during closing argument, and an alleged error in sentencing, as well as an argument that the verdict was against the manifest weight of the evidence. The Court of Appeals overruled all of these assignments of error except the one attacking the sentence, finding that the trial court did not adequately set forth its reasons for imposing consecutive sentences. The case was therefore remanded for resentencing.

According to petitioner's supplemental filing (#6), he was resentenced on March 28, 2001. He did not appeal. However, on January 18, 2008, he filed a motion for delayed appeal with the Ohio Supreme Court raising the same seven assignments of error. This date does not appear in the petition but was obtained from the online docket of the Supreme Court of Ohio, available at www.supremecourt.ohio.gov. That motion was denied on March 12, 2008. *See State v. Johnson*, 117 Ohio St. 3d 1422 (2008). Also, in 2008, petitioner filed a motion to vacate or for a new trial with the Franklin County Court of Common Pleas. It appears this motion is still pending. *See Petition.*

On April 7, 2009, petitioner signed his habeas corpus petition. It was filed in this

2

Court on May 8, 2009. Petitioner asserts that he is being held in custody in violation of the United States Constitution for the following reasons, stated here *verbatim*:

> 1. Trial court erred by overruling appellants motion to suppress photo identification.
>
> 2. Trial court erred by permitting expert opinion testimony that was not based on a proper standard.
>
> 3. Trial court permitted witnesses to show jury states exhibits prior to admission into evidence.
>
> 4. Trial court erred by not permitting trial counsel to review video statement of states witnesses.
>
> 5. Im proper comments by the prosecutor creates reversible error when during the closing arguments the state interjects personal opinion.
>
> 6. The verdict is against the manifest weight of the evidence and the trial court erred in finding appellant guilty. This denied appellant a fair trail and due process of law as guaranteed by the United States Constitution and Article I Section 10 of the Ohio Constitution.
>
> 7. Petitioners trial counsel was ineffective.

*See Petition*. The first six of these claims were raised before the Tenth District Court of Appeals and in the delayed appeal to the Ohio Supreme Court. The seventh claim has never been presented to the state courts. The issue which the Court is raising on its own motion is whether the petition is time-barred.

## II. THE STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection

Here, the statute of limitations calculation is fairly straightforward. Petitioner received limited relief from the Tenth District Court of Appeals on his initial appeal. It appears that under Ohio law, that court's judgment overruling his other assignments of error was immediately appealable. *State v. Robinson*, 161 Ohio St. 213 (1954); *see State v. Corrigan*, 2004 WL 1846129, *3 (Cuyahoga Co. App. August 19, 2004). However, under the AEDPA, the limitations period does not begin to run until the judgment pursuant to which the petitioner is held in custody "becomes final." This language has been interpreted by some courts to mean that if a petitioner is resentenced, the date that the new judgment incorporating that sentence becomes final is the date on which the statute of limitations

begins to run. *See Plaza v. Hudson*, 2008 WL 2017583, * (N.D. Ohio May 7, 2008), *citing Burton v. Stewart*, 549 U.S. 147 (2007); *see also Bachman v. Wilson*, 2007 WL 4553988 (N.D. Ohio December 19, 2007). These decisions also hold that a habeas corpus petition which is timely filed after resentencing may properly raise issues not only concerning the restenencing, but the underlying conviction. *See id*.

If these decisions are applied here, petitioner's conviction became final thirty days after the Franklin County Common Pleas Court resentenced him on March 28, 2001, because he had thirty days to appeal that judgment. *See Ohio R. App. P. 4(A).* Thus, the statute of limitations began to run on April 27, 2001, and it expired one year later. During that time, petitioner did not pursue either a delayed direct appeal or any post-conviction relief from the Ohio courts. The later filing of a delayed direct appeal did not restart the limitations clock. *See Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). Moreover, even had the appeal been accepted, it would not have restarted the expired limitations period. "The tolling provision does not... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003), *citing Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Thus, this case was filed almost seven years after the statute of limitations expired.

Petitioner asserts, however, that his failure to file timely should be excused because his appellate attorney did not advise him of his right to file an appeal with the Ohio Supreme Court, which led to the filing of his motion for a delayed appeal in 2008.

5

*See Petition*, ¶ 18. Even if true, this does not excuse the late filing of a habeas corpus petition.

"[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id*. at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id*.; *cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

*Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness

6

in remaining ignorant of the legal requirement for filing his claim. *Id.*, at 643, *citing Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988).

Here, petitioner has not stated that he was unaware of the time limit for filing a federal habeas corpus petition. He cannot show diligence in pursuing his rights either in state court or this Court, having waited almost seven years to pursue a delayed appeal to the Ohio Supreme Court, and roughly the same amount of time to pursue habeas corpus relief. He has offered no reasonable explanation for sitting on his rights for such a long time period, and even if he claimed that he was unaware of how to pursue his rights in the Ohio Supreme Court or in this Court, remaining unaware of those rights for this period of time cannot be considered reasonable. Thus, there is no basis for applying the equitable tolling doctrine here. *Cf. Kimbrough v. Hudson*, 2009 WL 3698474 (S.D. Ohio November 3, 2009). This action is therefore subject to dismissal as time-barred.

### III. RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is

7

made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge